**BAKER SMITH SHEET METAL, INC., Plaintiff,**

v.

**WASCO PRODUCTS, INC., Defendant.**

**No. 88–0944–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Feb. 13, 1989.

Dennis J. Stanchik, Silverman & Stanchik, Kansas City, Mo., for plaintiff.

Margaret D. Lineberry, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

BARTLETT, District Judge.

On September 21, 1988, plaintiff Baker Smith Sheet Metal, Inc., a Missouri corporation, filed a complaint against defendant Wasco Products, Inc., a Maine corporation. Plaintiff alleges that the parties entered into a contract whereby defendant promised "to design and install a skylight system in a shopping mall in Colorado." Plaintiff alleges that: 1) defendant breached the contract by failing to comply with construction schedules and failing to repair or replace the skylights upon discovery that they were leaking seriously; and 2) defendant breached warranties regarding the condition of the skylights.

On November 4, 1988, defendant filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted or, in the alternative, for transfer. On November 29, 1988, plaintiff filed suggestions in opposition to which defendant filed its reply on December 21, 1988.

### Discussion

The question of whether this court may exercise personal jurisdiction over defendant involves a two-step inquiry: 1) whether the facts presented satisfy the statutory requirements in Missouri's Long–Arm Statute, Mo.Rev.Stat. § 506.500.1 (Supp.1988); and 2) whether the exercise of personal jurisdiction is consistent with due process. *See Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651, 653 (8th Cir.1982). The party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists. *Id.*

Plaintiff asserts that the facts presented satisfy two provisions of the long-arm statute, i.e., a corporation submits to the jurisdiction of Missouri by "the making of any contract within this state" and a corporation submits to the jurisdiction of Missouri by "the transaction of any business within this state."

Defendant states, and plaintiff does not deny, that the contract was accepted in Sanford, Maine.

In *Commercial Lithographing Co. v. Family Media,* 695 S.W.2d 936, 939 (Mo.Ct. App.1985), a contract between a New York corporation and a Missouri corporation was determined to be a contract made in New York, not Missouri, because acceptance of the contract took place in New York. *See also State ex rel. River Corp. v. State Tax Commission,* 492 S.W.2d 821 (Mo.1973). Here, acceptance of the contract was in Maine. Therefore, the contract was not made in Missouri.

Plaintiff argues that "all initial negotiations and much of the communication during the performance stage of the contract was conducted between plaintiff and defendant through the auspices of defendant's Missouri representative." Even so, plaintiff offers no Missouri authority supporting its conclusion that these activities establish that the contract was made within Missouri.

In attempting to satisfy the doing business in Missouri requirement of the Missouri Long–Arm Statute, plaintiff's president states by affidavit that he "contacted a Missouri firm doing business as John Cloutman & Associates for the purpose of obtaining prices on skylight equipment manufactured by the Defendant Wasco Products Company, Inc.," that he "conducted business with the Defendant Wasco Products Company, Inc. on prior occasions only through the aforementioned John Cloutman & Associates, an entity which as far as I knew was the only representative of the Defendant in the State of Missouri," that "[p]rior to entering into the contract complained of in this lawsuit, I conducted formal bidding procedures solely through John Cloutman & Associates," and that "[m]ost of my correspondence with the Defendant in the initial stages of the performance of this contract, including the design stage, were done through employees of John Cloutman & Associates pursuant to the directions of Defendant Wasco Products Company, Inc."

The Missouri Long–Arm Statute, § 506.500.1, states in part: "[A]ny person ... or any corporation, *who in person or through an agent* does any of the acts enumerated...." (Emphasis added.) Plaintiff has not established that Cloutman & Associates was an agent of defendant. In fact, defendant by affidavit states that Cloutman & Associates "is a manufacturer's representative, acting as an independent contractor and representing many different companies, and over which Wasco Products, Inc. had no control." Plaintiff furnishes no authority that the activities of a manufacturer's representative who is an independent contractor satisfies either the Missouri Long–Arm Statute or due process.

Defendant is a Maine corporation not authorized to do business in Missouri. Defendant has no office, personnel or real estate in Missouri. Plaintiff has estab-

lished no basis for concluding that defendant was doing business in Missouri.

*Conclusion*

Accordingly, it is hereby ORDERED that this case is dismissed for lack of personal jurisdiction over defendant.